

FILED
IN OPEN COURT

NOV 19 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:20-cr-178 (TSE) |
| CAPRICE FOSTER, | |
| a.k.a. Caprice Ladawn Foster, Caprice Amole-Whitley, Caprice Amole, Caprice Ladawn Whitley, | |
| Defendant. | |

## PLEA AGREEMENT

Jessica D. Aber, United States Attorney for the Eastern District of Virginia; undersigned

counsel for the United States; the defendant, CAPRICE FOSTER; and the defendant's counsel

have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

The terms of this Plea Agreement are as follows:

**1.      Offense and Maximum Penalties**

The defendant agrees to plead guilty to Counts One of the Superseding Indictment,

charging the defendant with conspiracy to commit wire fraud and bank fraud, in violation of 18

U.S.C. §1349. The maximum penalties for this offense are:  a maximum term of 20 years of

imprisonment, a fine of the greater of $250,000 or twice the gross gain or loss, full restitution,

forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C § 3013, and a

maximum supervised release term of 3 years. The defendant understands that any supervised

release term is in addition to any prison term the defendant may receive, and that a violation of a

term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

### 2. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

### 3. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

      a.    the right to plead not guilty and to persist in that plea;

      b.    the right to a jury trial;

      c.    the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

      d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 4. Sentencing Guidelines, Recommendations, and Roles

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the defendant stipulate and will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

      a.    Per Section 2B1.1 of the Sentencing Guidelines (U.S.S.G. § 2B1.1), the Defendant's base offense level is 7;

      b.    For purposes of the Guidelines, the parties agree that the loss attributable to the defendant as a result of Count One (including relevant conduct under U.S.S.G. § 1B1.3) was at least $550,000, but less than $1,500,000, thus resulting in a 14-level enhancement pursuant to U.S.S.G. § 2B1.1.(b)(1)(G);

      c.    The parties agree that conduct related to the defendants' conspiracy to commit wire fraud, bank fraud, fraud related to loans and leases, mortgage fraud, bankruptcy fraud, mail theft, and identity theft, and overt acts in

3

furtherance thereof, constitute relevant conduct under U.S.S.G. §

1B1.3(a)(1)(B).

The United States and the defendant further agree that the defendant has assisted the

government in the investigation and prosecution of the defendant's own misconduct by timely

notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the

government to avoid preparing for trial and permitting the government and the Court to allocate

their resources efficiently.  If the defendant qualifies for a two-level decrease in offense level

pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a

level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior

to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense

level.

The United States and the defendant have not agreed on any further sentencing issues,

whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other

than those set forth above or elsewhere in this Plea Agreement.  Any stipulation on a Guidelines

provision does not limit the parties' arguments as to any other Guidelines provisions or

sentencing factors under Section 3553(a), including arguments for a sentence within or outside

the advisory Guidelines range found by the Court at sentencing.

### 5.    Waiver of Appeal, FOIA, and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to

appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal

the conviction and any sentence within the statutory maximum described above (or the manner in

which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any

ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on

4

direct appeal, in exchange for the concessions made by the United States in this Plea Agreement.

This agreement does not affect the rights or obligations of the United States as set forth in 18

U.S.C. § 3742(b).  The defendant also hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act, 5 U.S.C. § 552a.

**6.      Immunity from Further Prosecution in This District**

The United States will not further criminally prosecute the defendant in the Eastern

District of Virginia for the specific conduct described in the ~~Information~~ Indictment [superseding] or Statement of Facts.

This Plea Agreement and Statement of Facts does not confer on the defendant any immunity

from prosecution by any state government in the United States.

**7.      Dismissal of Other Counts**

As a condition of the execution of this agreement and the Court's acceptance of the

defendant's plea of guilty, the United States will move to dismiss the remaining counts pending

against this defendant at the conclusion of this defendant's sentencing hearing.

**8.      Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C.

§ 3572, all monetary penalties imposed by the Court, including restitution, will be due

immediately and subject to immediate enforcement by the United States as provided for in

Section 3613.  Within 14 days of a request, the defendant agrees to provide all of the defendant's

financial information to the United States and the Probation Office and, if requested, to

participate in a pre-sentencing debtor's examination and/or complete a financial statement under

5

penalty of perjury.  If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties.  If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.  Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

### 9.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 10.    Restitution

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), and the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court.  Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), the defendant agrees Prosperity Home Mortgage is a victim and is entitled to restitution in an amount not less than $74,159.  Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant further agrees that an offense listed in Section 3663A(c)(1) gave rise to this Plea Agreement and, as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution.  Without limiting the amount of restitution that the

Court must impose, the parties agree that, at a minimum, the following victims have suffered the losses identified below and are entitled to restitution:

| Victim | Actual Loss |
|---|---|
| The Ascent | $17,347 |
| Blue Ocean Development | $8,000 |
| Citibank | $12,038 |
| Educational Systems Federal Credit Union | $9,989 |
| J.T. | $40,200 |
| JPMorgan Chase | $57,999 |
| The Kingston | $20,683 |
| Navy Federal Credit Union | $13,727 |
| Prosperity Home Mortgage | $74,159 |
| SunTrust Bank | $74 |
| T.M. and M.M. | $16,141 |
| USAA | $9,258 |
| Wells Fargo | $4,094 |
| **TOTAL** | **$283,709** |

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant. The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. § 3572, 18 U.S.C. § 3613, and 18 U.S.C. § 3664(m).

**11.    Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any fraud-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the proceeds obtained as a result of the scheme. The property subject to forfeiture includes, but is not limited to, a monetary judgment in an amount not less than $276,065, a sum for which the defendant shall be jointly and severally liable with the defendant's spouse, Marcus Foster, representing the sum they jointly obtained as a result of the scheme.

The defendant understands that if the proceeds of the offense are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant agrees to a personal money judgment in the amount of at least $276,065, representing the proceeds of the criminal offense. The defendant understands that the total amount of the money judgment will be determined at or before sentencing. Moreover, the defendant agrees that, as a result of an act or omission by the defendant, the proceeds obtained from the fraud scheme are unavailable. The defendant therefore agrees that the prerequisites of 21 U.S.C. § 853(p)(1) have been satisfied and the government may collect on its monetary judgment through substitute assets.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the

8

forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 12. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

### 13. The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past 10 years from the date of the defendant's signature on this Plea Agreement. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to provide and/or consent to the release of the defendant's tax returns for the previous five years.

**14.     Breach of the Plea Agreement and Remedies**

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States.  The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney).  If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement.  The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed.  Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant.  The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

**15.    Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty.  Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Jessica D. Aber
United States Attorney

By:    _____
Heidi B. Gesch
Carina A. Cuellar
Assistant United States Attorneys

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal ~~Information~~ *superseding indictment*. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this Plea Agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: _____11/19/21_____        _____

CAPRICE FOSTER

Defense Counsel's Signature: I am counsel for the defendant in this case.  I have fully *Superseding* explained to the defendant the defendant's rights with respect to the pending ~~Information~~. *Indictment* Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: __11/19/21__        _____

James W. Hundley
Counsel for the Defendant