Exhibit 16

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
*Greenbelt Division*

IN RE:
Caprice Foster
      Debtor                             Case No. 16-23334-WIL

_____

Prosperity Home Mortgage, LLC
      Movant                            Chapter 13

vs.

Caprice Foster
      Debtor

and

Marcus A. Foster
      Co-debtor

and

Nancy Spencer Grisby
      Chapter 13 Trustee

_____

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR IMPOSITION OF EQUITABLE SERVITUDE FOR 180 DAYS ON REAL PROPERTY LOCATED AT 700 ARDONIA TERRACE, UPPER MARLBORO, MARYLAND 20774

Prosperity Home Mortgage, LLC (hereinafter "Prosperity"), its assigns and/or its successors in interest, pursuant to Fed. R. Bankr. P. 4001, 9013, and Maryland Local Bankr. Rule 4001, moves for relief from the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay under 11 U.S.C. § 1301(a), and further requests imposition of an equitable servitude for a period of 180 days on the subject property, and states as follows:

15112/5/02227495.DOCXv1

FBI-00143849

## INTRODUCTION

1.    On or about October 5, 2016, Caprice Foster (hereinafter "Debtor" or "Mrs. Foster") filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

2.    This is the fifth case filed in this Court—either by the Debtor or her husband Marcus Foster—to use the bankruptcy code's automatic stay to obstruct Prosperity's lawful efforts to foreclose a deed of trust to real property located at 700 Ardonia Terrace, Upper Marlboro, Maryland 20774 (hereinafter the "Property").[1]  The first four cases have been dismissed, essentially, because the debtor failed to prosecute them.

3.    Prosperity files this motion to obtain relief from the automatic stay for the purpose of obtaining possession of, and final legal title to, the Property.  Prosperity also seeks imposition of another equitable servitude on the Property to prevent both Mr. and Mrs. Foster from abusing the bankruptcy code to obstruct Prosperity's foreclosure proceedings.

4.    Pursuant to Maryland Local Bankr. Rule 9013-2, Prosperity states that no memorandum will be filed and Prosperity relies on this motion and the exhibits attached hereto.

## FACTUAL BACKGROUND

5.    On January 31, 2014, the Debtor and her husband, Marcus A. Foster, were deeded title to the Property as tenants by the entirety.  That deed is attached as *Exhibit 1.*

6.    This purchase was financed by a home loan that Prosperity issued to Mr. Foster. The promissory note, dated January 31, 2014, in a principal amount of $636,446.00 with interest at the original note rate of 4.250%, is attached as *Exhibit 2.*

---

[1] As will be described below, the first three bankruptcy cases were commenced by the Debtor's husband, Marcus Foster.  The next two (including this case) were filed by the Debtor herein, Caprice Foster.

FBI-00143850

7. Debtor and Mr. Foster, as tenants by the entirety, granted a January 31, 2014, deed of trust that secured to Prosperity the repayment of the promissory note. That deed of trust is attached as *Exhibit 3*.

8. Before purchasing the Property, Mr. Foster defrauded Prosperity by making material misrepresentations on his application for a home loan. A copy of that loan application is attached to the Certificate of Prosperity's Custodian of Records, which is attached hereto as *Exhibit 4*, at pp. 1-6.[2]

9. Specifically, Mr. Foster attached to his loan application a fraudulent Internal Revenue Service Form 1099, purportedly issued by Gateway Medical LLC, listing Mr. Foster's non-employee annual compensation as $162,500.00. *See Exhibit 5*.

10. Mr. Foster fabricated that IRS form and fraudulently submitted it to Prosperity with his home loan application. In reality, Mr. Foster has never been associated with Gateway Medical LLC and has never earned income from Gateway Medical LLC. *See* Affidavit of Lauren Carbo, CEO of Gateway Medical LLC, attached hereto as *Exhibit 6*.[3]

11. Mr. Foster falsely represented on his loan application that he had previously been employed by the University of North Carolina at Chapel Hill. In reality, Mr. Foster has never been employed by the University of North Carolina at Chapel Hill, as demonstrated by correspondence from the university. *See Exhibit 4*, at p. 6.

12. The first payment due under the promissory note was March 1, 2014. The last payment made on the promissory note was on July 15, 2014.

---

[2] This certificate was first filed in the foreclosure proceeding in the Circuit Court for Prince George's County.
[3] This Affidavit was initially submitted in a bankruptcy action (now dismissed) that Mr. Foster commenced.

FBI-00143851

13.     Prosperity commenced proceedings to foreclose the deed of trust.  Mrs. and Mr. Foster have, together, filed a total of five bankruptcy petitions in this Court in a frivolous effort to obstruct these foreclosure proceedings.  Three of those petitions were filed by Mr. Foster. Two—including this case—were filed by Mrs. Foster.  These bankruptcy cases are described as follows:

14.     On June 3, 2015, Marcus Foster filed for Chapter 13 bankruptcy ("Bankruptcy No. 1") in this Court.  *See* Bankruptcy Petition No. 15-BK-17955-WIL.[4]  That filing caused the cancellation of a foreclosure auction that had been scheduled for June 12, 2015.  Bankruptcy No. 1 was dismissed on August 21, 2015 because Mr. Foster failed to attend the meeting of creditors.

15.     On October 8, 2015, Mr. Foster filed for Chapter 7 bankruptcy ("Bankruptcy No. 2").  *See* Bankruptcy Petition No. 15-BK-23993-WIL.  Bankruptcy No. 2 caused the cancellation of a foreclosure auction that had been scheduled for the very next day, October 9, 2015.  On November 24, 2015, this Court dismissed Bankruptcy No. 2 because Mr. Foster failed to complete various required filings.

16.     On January 15, 2016, Mr. Foster filed for Chapter 7 bankruptcy ("Bankruptcy No. 3").  *See* Bankruptcy Petition No. 16-BK-10498-WIL.  Bankruptcy No. 3 caused the cancellation of a foreclosure auction that had been scheduled for January 15, 2016.  On February 25, 2016, this Court dismissed Bankruptcy No. 3 because Mr. Foster failed to complete various required filings.

17.     On February 18, 2016, Prosperity moved in this Court for relief from the automatic bankruptcy stay arising from Bankruptcy No. 3 and for an equitable servitude on the

---

[4] This Court may take judicial notice of the filings in the Fosters' various bankruptcy cases.  *In re Abdul Muhaimin*, 343 B.R. 159, 163 (Bankr. D. Md. 2006) ("The court will take judicial notice of filings made in this court….").

FBI-00143852

Property, which would prevent the automatic stay from attaching to the Property by reason of any new bankruptcy filing by any person holding an interest in the Property, including Mr. and Mrs. Foster.

18.     The grounds for that motion included Mr. Foster's fraudulent misrepresentations on his home loan application, and his three frivolous bankruptcy filings.

19.     On March 22, 2016, this Court granted Prosperity's motion and ordered that the Property be subject to a 180-day equitable servitude, commencing on March 17, 2016, which equitable servitude prevented any bankruptcy stay from attaching to the Property by reason of any new bankruptcy filing by any person holding an interest in the Property, including Caprice Foster.  That order is attached as *Exhibit 7*.

20.     The order provided that:

> [T]he equitable servitude shall prevent any stay under 11 U.S.C. § 362(a) from attaching to the Property by reason of any new bankruptcy being filed by any person holding a legal, equitable, possessory, leasehold, or other interest in the Property, including but not limited to any bankruptcy filing by Marcus or Caprice Foster; and it is further,
>
> ORDERED, that [Prosperity] shall not be prohibited by reason of any new bankruptcy filing and [Prosperity] may proceed unfettered with state court actions against the Property, including but not limited to any foreclosure action, foreclosure proceeding, or foreclosure sale, any eviction action or eviction proceeding, as well as any other necessary and related activities in furtherance of execution of [Prosperity's] rights against the Property; and it is further,
>
> ORDERED, that the automatic stay of 11 U.S.C. § 362(a) shall not be reimposed as to Debtor Marcus Foster's interest or Co-Owner Caprice Foster's interest in the property by the conversion of this case under another Chapter of the United States Bankruptcy Code….

*Id.*

FBI-00143853

21.     On April 8, 2016, Mrs. Foster filed for Chapter 13 bankruptcy ("Bankruptcy No. 4"). *See* Bankruptcy Petition No. 16-14752-WIL.

22.     On April 15, 2016—in accordance with the March 17, 2016, equitable servitude—Prosperity purchased the Property at a foreclosure auction for $723,431.20, the amount of the principal debt owed, interest that had accrued, and other costs.  The Report of Sale is attached as ***Exhibit 8.***[5]

23.     On May 15, 2016, Mrs. Foster attempted to invalidate the foreclosure sale—which had lawfully taken place under the equitable servitude—representing to the Circuit Court for Prince George's County that she "feel[s] this [foreclosure] sale was invalid due to the fact on April 8th I filed Chapter 13 in federal court…." *See* Caprice Foster's May 15, 2016, Letter, p. 1, attached hereto as ***Exhibit 9***.

24.     On June 28, 2016, Bankruptcy No. 4 was dismissed because Mrs. Foster failed to attend the initially scheduled meeting of creditors, and then failed to attend the re-scheduled meeting of creditors.  *See* Bankruptcy Petition No. 16-14752-WIL, ECF 40.

25.     The Circuit Court of Prince George's County has not yet ratified the foreclosure sale, as it takes approximately eight months from the time of filing the report of sale and all other

---

[5] A detailed statement of debt, under Md. Local Bankruptcy Rule 4001-1(b) is not required because Mrs. Foster is not indebted to Prosperity, but rather is a co-owner of the real property securing the debt owed by her husband, Marcus Foster.  In an abundance of caution, however, as of the date of the foreclosure sale, Mr. Foster owed the following:

| | |
|---|---|
| Unpaid Principal Balance | $632,030.58 |
| Accrued Interest | $42,245.68 |
| Late Charge Fees | $2,129.08 |
| Corporate Advances | $14,368.67 |
| Escrow Advance Balance | $24,983.62 |
| Escrow held for future distribution | $673.57 |
| Total: | $723,431.20 |

FBI-00143854

papers until that court acts on ratification. Because that sale has not been ratified, Prosperity has not been conveyed the deed to the Property, an act necessary to acquire full legal title.

26. On August 17, 2016, Prosperity moved in the Circuit Court for Prince George's County for a judgment awarding possession of the Property.[6]

27. On October 3, 2016, the Honorable Toni E. Clarke, of the Circuit Court for Prince George's County, granted Prosperity's motion for a judgment awarding possession.

28. On October 5, 2016, Mrs. Foster commenced this bankruptcy action ("Bankruptcy No. 5").

29. On October 14, 2016, Mrs. Foster filed a suggestion of bankruptcy in the Circuit Court for Prince George's County, which has placed the foreclosure action on that court's "inactive" docket for the time being. Mrs. Foster failed to serve that suggestion on the undersigned.

30. On October 17, 2016, the Clerk of the Circuit Court for Prince George's County entered Judge Clarke's order granting Prosperity's motion for a judgment awarding possession on the court's docket. That entered order is attached as ***Exhibit 10***.

31. On October 19, 2016, rather than prosecute this action, Mrs. Foster sought delay, requesting another 10 days to file certain papers.

## ARGUMENT

32. Pursuant to 11 U.S.C. § 362(d) and Maryland Local Bankr. Rule 3070-1, Prosperity now seeks relief from the automatic stay as to Mrs. Foster and from the co-debtor stay

---

[6] Maryland law provides that a purchaser may move for possession of real property before the circuit court has ratified the foreclosure sale. *Empire Properties, LLC v. Hardy*, 386 Md. 628, 649 (2005) ("[W]here such language is provided in the deed of trust or mortgage, purchasers at foreclosure sales may be contractually entitled to possession prior to ratification of that sale by the court (mortgagees or their assigns may even be entitled to seek possession prior to the sale itself if the instruments so provide).").

FBI-00143855

as to Mr. Foster, because they no longer own the Property and because they continue to abuse the bankruptcy process.

33.     Jurisdiction is based on 28 U.S.C. § 157 of the United State Bankruptcy Code. The relief requested may be granted in accordance with the provisions of 11 U.S.C. §§ 105(a) and 362(d) and pursuant to Fed. R. Bank. P. 9013 and 4001.

**A.      This Court should terminate the automatic stay as to any actions related to the Property for two reasons: (1) Prosperity acquired equitable title, with the right to legal title, at the time it purchased the Property and the Fosters no longer own the Property, and (2) the instant bankruptcy action is part of a scheme to abuse the bankruptcy code to delay Prosperity's possession of the Property.**

34.     Cause exists for terminating the automatic stay imposed by 11 U.S.C. §§ 362(a) to enable Prosperity to avail itself of its rights and remedies under the deed of trust and state law, including but not limited to (1) enforcing the recently-issued judgment awarding possession of the Property, (2) re-opening the foreclosure case to secure a ratification of the foreclosure sale, and (3) securing conveyance of the deed to the Property, thereby acquiring full legal title.

35.     Under Maryland law, at the time "the gavel falls" at a foreclosure sale, the winning bidder acquires equitable title to the property, the trustee of the deed of trust selling the property retains bare legal title, and the debtors (here, the Fosters) hold "no equitable or legal title." *In re Denny*, 242 B.R. 593, 599 (Bankr. D. Md. 1999).

36.     As a result, a debtor's post-sale bankruptcy petition does not draw the property into her bankruptcy estate. *Id.* That is because the debtor no longer owns the property. The fact that a foreclosure sale must thereafter be ratified by a Maryland circuit court "is of no moment because under Maryland law, unlike other states, debtor has no additional time to redeem the property after the auction." *Id.*

FBI-00143856

37.     At the time of Mrs. Foster's bankruptcy petition (October 5, 2016), neither she nor

Mr. Foster had any title to the Property because it had been sold at auction on April 15, 2016.

Therefore, the Property is not part of Mrs. Foster's bankruptcy estate.  For that reason, the stay

should be lifted so that Prosperity may enforce all of its rights *vis a vis* the Property, including

obtaining possession, and after ratification of the foreclosure sale, legal title to the Property.  *See*

*id.* at 599 (granting foreclosure purchaser's motion for relief from automatic stay to pursue

ratification of the foreclosure sale because "[a]s the debtor held no equitable or legal title under

Maryland law on the date of the petition instituting th[e] bankruptcy case, it follows that the

bankruptcy filing did not create new property rights in the debtor, nor did it automatically

destroy the property rights of the auction purchaser.").  *See also In re De Souza*, 135 B.R. 793,

797 (Bankr. D. Md. 1991) (granting purchaser of property at pre-petition foreclosure sale relief

from stay) ("The court finds that cause exists to lift the stay, namely, the need to reunite legal

and equitable title in the hands of the foreclosure purchaser."); *In re May*, 546 B.R. 639, 642

(Bankr. D. Md. 2016) (granting creditor relief from automatic stay when debtor's real property

had been sold at a pre-petition foreclosure auction and creditor sought to secure ratification of

the foreclosure sale, reaffirming vitality of *In re De Souza* and *In re Denny*). [7]

38.     As an independent ground, this Court should also grant Prosperity relief from the

automatic stay because it has a security interest in the Property, which has been subject to

multiple, frivolous bankruptcy filings designed to delay, hinder, or defraud Prosperity.

39.     Under the bankruptcy code:

---

[7] This Court's precedent requires that a foreclosure purchaser move for relief from the automatic
stay.  *In re Denny*, 242 B.R. at 599 ("[A]lthough debtor's remaining interest in the property is
slight, such interest nevertheless requires the filing of a motion for relief from the automatic
stay.").

FBI-00143857

> "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> *    *    *
>
> > (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
> >
> > > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> > >
> > > (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4)(A-B) (emphasis added).

40.     As described above, Mrs. and Mr. Foster's combined <u>five</u> bankruptcy petitions constitute a scheme of multiple bankruptcy filings to delay, hinder, or defraud Prosperity in its efforts to foreclose the deed of trust, and the stay should be lifted on this independent ground.

**B.     This Court should impose another equitable servitude on the Property because the Fosters have demonstrated themselves to be serial, fraudulent bankruptcy filers who abuse the stay.**

41.     Cause also exists for the imposition of an equitable servitude on the Property for a period of 180 days.  This Court holds the authority, pursuant to *In re Yiman*, 214 B.R. 463 (Bankr. D. Md. 1997), to invoke a remedy to prevent the continuing abuse of the bankruptcy process in the presence of a variety of factors, including (a) whether the serial filings were designed to forestall foreclosure, (b) the sheer number of bankruptcy filings, (c) whether debtor had made sincere effort to prosecute her case, and (d) the objective futility of the latest bankruptcy filing.  *E.g., In re Nelson*, 06-11691 RAG, 2006 WL 4671846, at *1 (Bankr. D. Md.

FBI-00143858

July 27, 2006) ("In analyzing whether such prospective relief is warranted, the Court considers the objective futility of any plan offered by the debtor in the current case, the number of bankruptcy filings affecting the property, the past and present efforts to prosecute these filings, and current status of the underlying debt.") (imposing equitable servitude because multitude of prior bankruptcy filings were used solely to delay foreclosure). *See also*, *In re Harold Dene Amey*, 314 B.R. 864, 867 (Bankr. N. D. Ga. 2004) (holding that filing of serial bankruptcy cases by debtors, or by debtors and others acting in concert with them, solely for the purpose of obtaining automatic stays that repeatedly delay foreclosure and with no realistic ability or intent to propose and consummate a feasible chapter 13 plan that provides lawful treatment of a secured lender's claim, constitutes an abuse of the bankruptcy process and of the Bankruptcy Code's automatic stay provisions); *In re Fernandez*, 212 B.R. 361, 369 (Bankr. C. D. Cal. 1997), *aff'd on other grounds,* 227 B.R. 174 (9th Cir. BAP 1998), *aff'd* 208 F.3d 220 (9th Cir. 2000) (finding that courts may consider several factors when deciding whether debtor's bankruptcy filings lacked good faith, including the number of bankruptcy filings, whether the filings were docketed on the eve of foreclosure sales, whether debtor attempted to prosecute his or her case by appearing at scheduled hearings and meetings, and whether debtor made plan payments to the trustee).

42.      In the present matter, including this case, the Debtor has filed two bankruptcy petitions.  In the last case, she failed to appear for the meeting of creditors, and then also failed to appear for the *re-scheduled* meeting of creditors.  The case was therefore dismissed.  That history, coupled with the scheme employed in conjunction with her husband to abuse the stay to obstruct the foreclosure process, demonstrates that Mrs. Foster does not intend to prosecute her

FBI-00143859

Case 1:20-cr-00179-TSE-2 Document 144-16 Filed 10/26/16 22 Page 13 of 36 PageID# 1151
Case 16-23334 Doc 44-16 Filed 10/26/16 Page 21 of 6

bankruptcy case in good faith, and absent an equitable servitude, she will abuse the stay in the future.

43.     This Court considered many of the circumstances of this case when imposed an equitable servitude on the Property effective from March 17, 2016, to September 13, 2016.  *See Exhibit 7*.  The pertinent factual developments since then are Mrs. Foster's now-dismissed April 8, 2016, bankruptcy filing, the foreclosure sale, the circuit court's judgment awarding Prosperity's possession of the Property, and the instant case.  Those developments support the imposition of another equitable servitude because they have reduced Mrs. Foster's interest in the Property, and they demonstrate that she is prone to frivolous bankruptcy filings.

44.     A deputy clerk of the Circuit Court for Prince George's County has informed the undersigned that—given the multitude of foreclosure filings in that court—it takes approximately eight months before the court will act on a request to ratify a completed report of sale.  *See* Aff. of William J. Harrington, *Exhibit 11*.  Here, all papers necessary for review of the report of sale were filed on July 8, 2016, which indicates that the court will act on the ratification request in approximately March of 2017.

45.     While Prosperity expects the report of sale to be ratified in that timeframe, in the event it is not, Prosperity will wish to move to extend any equitable servitude, and, in the event the instant case is dismissed in the next 180 days, Prosperity requests that this Court retain jurisdiction over any equitable servitude imposed in the event it becomes necessary to extend the equitable servitude.  *See In re Abdul Muhaimin*, 343 B.R. 159, 164, 2006 WL 1153898 (Bankr. D. Md. 2006) (retaining jurisdiction to consider creditor's request for imposition of an equitable servitude).

FBI-00143860

WHEREFORE, Prosperity, its assigns and/or successors-in-interest request that this

Court:

A. Enter an order terminating the automatic stay imposed by 11 U.S.C. §§ 362(a) and
1301(a) of the United States Bankruptcy Code to enable Prosperity to avail itself of
its rights and remedies under the promissory note, deed of trust, and state law;
including but not limited to the continuation of foreclosure proceedings against the
property located at 700 Ardonia Terrace, Upper Marlboro, Maryland 20774;
enforcing the judgment awarding possession of the Property; requesting a writ of
possession from the Clerk of the Circuit Court for Prince George's County and
delivering that writ to the Sheriff of Prince George's County for service on the
Property; allowing Prosperity to re-open the foreclosure action in the Circuit Court
for Prince George County and pursue ratification of the foreclosure sale; and after
ratification of the foreclosure sale, accepting and recording the deed to the Property;

B. Impose an equitable servitude on the Property for a period of 180 days to prevent the
automatic stay created by 11 U.S.C. §§ 362(a) and 1301(a) from attaching to the
Property by reason of any new bankruptcy being filed by any person holding an
interest in the Property, including but not limited to Debtor Caprice Foster and co-
owner Marcus Foster;

C. Retain jurisdiction over any equitable servitude imposed in this case in the event the
case is dismissed or closed to consider a potential motion to extend the equitable
servitude; and

D. Grant such other and further relief as may be just and necessary.

FBI-00143861

Respectfully submitted,


*/s/ George E. Brown, Esq.*
George E. Brown, Esq. MD Fed. Bar No. 14681
William J. Harrington, Esq., MD Fed. Bar No. 03863
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
Telephone: (410) 752-6030
Facsimile:  (410) 361-8211
gbrown@kg-law.com
wharrington@kg-law.com

*Attorneys for Prosperity Home Mortgage, LLC*

FBI-00143862

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of October, 2016, I served a copy of the forgoing document on the following individuals:

*Via CM/ECF and the U.S.P.S*

Donald L. Bell, Esquire
The Law Office of Donald L. Bell, LLC
6305 Ivy Lane
Suite 214
Greenbelt, Maryland 20770-6313

Nancy Spencer Grigsby
185 Admiral Cochrane Drive
Suite 240
Annapolis, Maryland 21401-7493

*Via U.S.P.S.*

BMW Financial Service
P.O. Box 3608
Dublin, Ohio 43016-0306

Brock & Scott, PLLC
7564 Standish Place
Derwood, Maryland 20855-2745

Capital One
Attention: Bankruptcy Department
P.O. Box 30285
Salt Lake City, Utah 84130-0285

Comptroller of Maryland
Revenue Administration Division
110 Carroll Street
Annapolis, Maryland 21411-1000

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, Maryland 21201-2305

Fed Choice FCU
10001 Willowdale Road
Lanham, Maryland 20706-4321

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

Michael J. Klima, Jr., Esquire
8028 Ritchie Highway
Pasadena, Maryland 21122-1075

Oak Creek Club Homeowners Assoc., Inc.
P.O. Box 803555
Dallas, Texas 75380-3555

Prince George's County Treasury Division
14741 Governor Oden Bowie Drive
Room 1090
Upper Marlboro, Maryland 20772-3043

FBI-00143863

Prince George's County Treasurer Division
Room 1090
Upper Marlboro, Maryland 20772

BMW Financial Services
c/o Richard D. Londo
2441 Linden Lane
Silver Spring, Maryland 20910-1230

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, Maryland 21201-2225

USAA Savings Bank
10750 McDermott
San Antonio, Texas 78288-1600

USCB Corporation
P.O. Box 75
Archbald, Pennsylvania 18403-0075

Caprice Foster
700 Ardonia Terrace
Upper Marlboro, Maryland 20774-8981

Marcus A. Foster
700 Ardonia Terrace
Upper Marlboro, MD 20774

*/s/ William J. Harrington, Esq.*
William J. Harrington

FBI-00143864

# EXHIBIT 1

FBI-00143865

NVR Settlement Services
4991 New Design Road
Suite 105
Frederick, MD 21703

**THIS DEED**

Clerk of the
Circuit Court

2014 MAR -5 PM 2: 02

35717 318

Made this 31st day of January, 2014, by and between **NVR, INC., a Virginia Corporation**, ("Grantor"), and **Marcus A. FOSTER and Caprice FOSTER**, ("Grantee(s)"). MD #82

**WITNESSETH:**

THAT for and in consideration of the sum of SIX HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($650,000.00), receipt of which is hereby acknowledged the Grantor does grant, bargain, sell and convey to said Grantee(s), in fee simple, as tenants by the entirety, the following land and premises situated in Prince George's County, State of Maryland, and known and described as:

Lot 36, in Block A, as shown on a plat entitled "Plat Five, Lots 27 through 45 & Parcels E & F, Block A and Part of Parcel A Oak Creek Club Queen Anne Turn" as recorded among the Land Records of Prince George's County, Maryland in Plat Book 207 Plat 21.

BEING THE SAME PROPERTY DESCRIBED IN DEED RECORDED AMONG THE AFORESAID LAND RECORDS IN LIBER 34881, AT FOLIO 406.

PROPERTY ADDRESS: 700 Ardonia Terrace, Upper Marlboro, MD 20774

TAX ID#:   07-3685278

|  |  |
|---|---|
| IMP FD SURE $ | 40.00 |
| RECORDING FEE | 20.00 |
| TR TAX STATE | 1,625.00 |
| TOTAL | 1,685.00 |
| Res# PG84 Rcpt # 61937 | |
| NWB JKF Blk # B64 | |
| Mar 05, 2014 02:01 pm | |

| Grantor Address: | 555 Quince Orchard Road, Suite 240 Gaithersburg, MD 20878 |
|---|---|
| Grantee Address: | 700 Ardonia Terrace Upper Marlboro, MD 20774 |
| Title Insurer: | Stewart Title Guaranty Company |

|  |  |
|---|---|
| PRINCE GEORGE'S COUNTY GOVT. | |
| RECEIPT DATE | 03/01/2014 |
| ACCOUNT # | 3685278 |
| REVIEWER ID | 007 |
| RECEIPT # | 561 |
| PG DEED TAX | 9,100.00 |
| MD DEED TAX | 3,575.00 |
| PG TRUST #1 | .00 |
| MD TRUST #1 | .00 |
| PG TRUST #2 | .00 |
| MD TRUST #2 | .00 |
| | .00 |
| | .00 |
| | .00 |
| | .00 |
| | 12,675.00 |

(I), (We), the undersigned Grantee(s) do hereby certify, under penalties of perjury, that the herein-described property is improved for residential purposes and that (this) (We), the undersigned Grantee(s) is/are the owner(s) and occupant(s) of the subject property as such are entitled to any applicable state/county transfer tax exemption. Additionally, the subject property is intended to be used as my/our principal residence by actually occupying the residence for at least 7 of the next 12 months and as such are entitled to any applicable recordation tax exemption.

Marcus A. FOSTER

Caprice J FOSTER

**TOGETHER** with all improvements thereupon and all rights, alleys, ways, waters, easements, privileges, appurtenances and advantages belonging or appertaining thereunto. **SUBJECT** to all covenants and restrictions of record. **TO HAVE and to hold** the property hereby conveyed unto the said Grantee(s), his (her, their) personal representatives, heirs, successors and assigns, in fee simple, forever.

**THE** Grantor covenants to warrant specially the property hereby conveyed and to execute such further assurances of said property as may be requisite.

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35717, p. 0318, MSA_CE64_36026. Date available 03/19/2014. Printed 05/13/2016.

FBI-00143866

35717   319

IN TESTIMONY WHEREOF, the Grantor has caused this Deed to be duly executed on its behalf by its duly authorized Vice President, as the act and deed of the corporation.

WITNESS/ATTEST:                              NVR, INC. a Virginia Corporation


BY: _____ (SEAL)
                                              CHARLES HART
                                              Vice-President

STATE OF MARYLAND        :
                       ss:
COUNTY OF MONTGOMERY:

I HEREBY CERTIFY that on this __8__ day of __March_____, 201_3_, before me, the undersigned officer, personally appeared CHARLES HART who acknowledged himself to be the Vice-President of NVR, Inc., a Virginia Corporation, and that he, as such officer, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the name of the Corporation by himself as such officer and certified that this conveyance is not part of a transaction in which there is a sale, lease, exchange or other transfer of all or substantially all of the property and assets of the Corporation, and further certified under penalties of perjury that the Grantor is a resident entity of the State of Maryland as defined in COMAR 03.04.12.02B(11).

WITNESS my hand and Notarial Seal.

_____
NOTARY PUBLIC
My Commission expires: 9/14/14


This is to certify that the within instrument was prepared by or under the supervision of a Maryland attorney or by one of the parties named in the instrument.

Name:    THOMAS C. MAJOR
Title:    MARYLAND ATTORNEY

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MMB 35717, p. 0319, MSA_CE64_36026. Date available 03/19/2014. Printed 05/13/2016.

FBI-00143867

# EXHIBIT 4

FBI-00143887

KEITH M. YACKO, ET AL.,           *     IN THE
     *Substitute Trustees*

                           *     CIRCUIT COURT

           Plaintiffs,         *     FOR

v.

                           *     PRINCE GEORGE'S COUNTY

MARCUS A. FOSTER, ET AL.,       *     Case No.: CAEF15-00616

           Defendants.

                           *

*     *     *     *     *     *     *     *     *     *     *     *     *

## CERTIFICATION OF CUSTODIAN OF
## RECORDS OR OTHER QUALIFIED INDIVIDUAL

I, Brian Evans, do hereby certify that:

1.     I am the Custodian of Records of, or am otherwise qualified to administer

the records for, Prosperity Home Mortgage, LLC.

2.     The attached records:

     a.     are true and correct copies of records that were made at or near the time of
            the occurrence of the matters set forth by, or from the information
            transmitted by, a person with knowledge of these matters;
     b.     were kept in the course of regularly conducted activity; and
     c.     were made and kept by the regularly conducted business activity as a
            regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

                           _____
                           Brian Evans
                           Secretary
                           Prosperity Home Mortgage, LLC

                           8/9/2016
                           (Date)

15112/5/02152867.DOCXv2

## Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

| Borrower | Co-Borrower |
|---|---|

### I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☐ Conventional  ☐ Other (explain):  [X] FHA  ☐ USDA/Rural Housing Service | Agency Case Number | Lender Case Number |
|---|---|---|---|
| Amount $ 630,440.00 | Interest Rate 4.250 % | No. of Months 360 | Amortization Type: [X] Fixed Rate  ☐ GPM  ☐ Other (explain):  ☐ ARM (type): |

### II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, & ZIP) 700 Ardonia Terrace, Upper Marlboro, MD 20774 County: Prince George's | No. of Units 1 |
|---|---|
| Legal Description of Subject Property (attach description if necessary) See Title Commitment | Year Built 2013 |

| Purpose of Loan | [X] Purchase  ☐ Construction  ☐ Other (explain):  ☐ Refinance  ☐ Construction-Permanent | Property will be: [X] Primary Residence  ☐ Secondary Residence  ☐ Investment |
|---|---|---|

**Complete this line if construction or construction-permanent loan.**

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

**Complete this line if this is a refinance loan.**

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made  ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost: $ |

| Title will be held in what Name(s) Marcus A Foster, Caprice Foster | Manner in which Title will be held Tenancy by entirety | Estate will be held in: [X] Fee Simple  ☐ Leasehold (show expiration date) |
|---|---|---|
| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) FHA Gift Source Relative | | |

### III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|

| Borrower's Name (include Jr. or Sr. if applicable) Marcus A Foster | Co-Borrower's Name (include Jr. or Sr. if applicable) |
|---|---|

| Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School 16 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
|---|---|---|---|---|---|---|---|
| [X] Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | | Dependents (not listed by Co-Borrower) no. 0  ages | | ☐ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated | | Dependents (not listed by Borrower) no.  ages | |

| Present Address (street, city, state, ZIP)  ☐ Own [X] Rent 2Y  No.Yrs. 15436 Symondsbury Way Upper Marlboro, MD 20774 | Present Address (street, city, state, ZIP)  ☐ Own  ☐ Rent ___ No.Yrs. |
|---|---|

| Mailing Address, if different from Present Address 700 Ardonia Terrace Upper Marlboro, MD 20774 | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent ___ No.Yrs. | Former Address (street, city, state, ZIP)  ☐ Own  ☐ Rent ___ No.Yrs. |
|---|---|

### IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|

| Name & Address of Employer [X] Self Employed Self 15436 Symondsbury Way Upper Marlboro, MD 20774 | Yrs. on this job 2 Y 3 M | Name & Address of Employer ☐ Self Employed | Yrs. on this job |
|---|---|---|---|
| | Yrs. employed in this line of work/profession 4 | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business Clinical Dir/Pathologist | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer ☐ Self Employed UNC at Chapel Hill 104 Airport Drive NC 27599 | Dates (from-to) 09/01/2008 08/01/2010 | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business Undergraduate Pathology Student | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed Guardian Clinical Pathology Laboratory 7701 Greenbelt Suite 104 Greenbelt, MD 20770 | Dates (from-to) 07/01/2010 10/31/2011 | Name & Address of Employer ☐ Self Employed | Dates (from-to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business Non Paying Internship | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Uniform Residential Loan Application
Freddie Mac Form 65   7/05 (rev.6/09)
Ellie Mae, Inc.

Page 1 of 4

Fannie Mae Form 1003   7/05 (rev.6/09)
GURLA  0711
GURLA
01/31/2014 11:10 AM PST

FBI-00143889

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 11,574.00 | $ | $ 11,574.00 | Rent | $ 3,150.00 | |
| Overtime | | | | First Mortgage (P&I) | | $ 3,130.93 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | | 66.00 |
| Dividends/Interest | | | | Real Estate Taxes | | 810.70 |
| Net Rental Income | | | | Mortgage Insurance | | 698.29 |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | 160.00 |
| | | | | Other | | |
| Total | $ 11,574.00 | $ | $ 11,574.00 | Total | $ 3,150.00 | $ 4,865.92 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

**Describe Other Income** Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also. Completed ☐ Jointly ☒ Not Jointly

| ASSETS | Cash or Market Value |
|---|---|
| Description | |
| Cash Deposit toward purchase held by: | $ |
| | |
| List checking and savings accounts below | |
| Name and address of Bank, S&L, or Credit Union USAA | |
| | |
| Acct. no. | $ 6,553.05 |
| Name and address of Bank, S&L, or Credit Union Federal Choice FCU and NFCU 20774 | |
| | |
| Acct. no. | $ 35,000.00 |
| Name and address of Bank, S&L, or Credit Union | |
| | |
| Acct. no. | $ |
| Name and address of Bank, S&L, or Credit Union | |
| | |
| Acct. no. | $ |
| Stocks & Bonds (Company name/number & description) | $ |
| | |
| Life insurance net cash value Face amount: $ | $ |
| Subtotal Liquid Assets | $ 41,553.05 |
| Real estate owned (enter market value from schedule of real estate owned) | $ |
| Vested interest in retirement fund | $ |
| Net worth of business(es) owned (attach financial statement) | $ |
| Automobiles owned (make and year) | $ |
| | |
| Other Assets (itemize) | $ |
| Total Assets a. | $ 41,553.05 |

Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property.

| LIABILITIES | Monthly Pmt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|
| Name and address of Company (B1) BMW FINANCIAL SERVICES | $ Pmt./Mos. (878.00) / 31 | $ (27,300.00) |
| Acct. no. | | |
| Name and address of Company (B1) PRINCE GEORGES COMM FC | $ Pmt./Mos. 409.00 / 59 | $ 23,000.00 |
| Acct. no. | | |
| Name and address of Company (B1) US DEPT OF ED/GLELSI | $ Pmt./Mos. 121.00 / 88 | $ 10,768.00 |
| Acct. no. | | |
| Name and address of Company (B1) STATE EMP CU OF MARYLA | $ Pmt./Mos. 223.00 / 68 | $ 10,000.00 |
| Acct. no. | | |
| Name and address of Company (B1) USAA SAVINGS BANK | $ Pmt./Mos. 71.00 / 89 | $ 6,308.00 |
| Acct. no. | | |
| Name and address of Company (B1) USAA SAVINGS BANK | $ Pmt./Mos. 46.00 / 54 | $ 2,846.00 |
| Acct. no. | | |
| Name and address of Company See Schedule of Liabilities | $ Pmt./Mos. | $ |
| Acct. no. | | |
| Alimony/Child Support/Separate Maintenance Payments Owed to | $ | |
| Job Related Expense (child care, union dues, etc.) | $ | |
| Total Monthly Payments | $ 869.00 | |
| Net Worth (a minus b) $ | (11,068.95) | Total Liabilities b. $ 52,622.00 |

Uniform Residential Loan Application
Freddie Mac Form 65  7/05 (rev.6/09)
Ellie Mae, Inc.

Page 2 of 4



Fannie Mae Form 1003  7/05 (rev.6/09)
GURLA  0711
GJRLA
01/31/2014 11:10 AM PST

FBI-00143890

## VI. ASSETS AND LIABILITIES (cont.)

Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet.)
Property Address (enter S if sold, PS if pending sale or R if rental being held for income)

| Property Address | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 650,000.00 |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | 3,580.91 |
| f. Estimated closing costs | 21,523.08 |
| g. PMI, MIP, Funding Fee | 10,046.25 |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 685,050.24 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | 22,000.00 |
| l. Other Credits (explain) | |
| CC Paid by Broker,Lender,Oth. | 350.00 |
| | |
| m.Loan amount (exclude PMI, MIP, Funding Fee financed) | 625,500.00 |
| n. PMI, MIP, Funding Fee financed | 10,946.00 |
| o. Loan amount (add m & n) | 636,446.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 27,254.24 |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes / No | Co-Borrower Yes / No |
|---|---|---|
| a. Are there any outstanding judgments against you? | No | No |
| b. Have you been declared bankrupt within the past 7 years? | No | No |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | No | No |
| d. Are you a party to a lawsuit? | No | No |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such items as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action). | No | No |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | No | No |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | No | No |
| h. Is any part of the down payment borrowed? | No | No |
| i. Are you a co-maker or endorser on a note? | No | No |
| j. Are you a U.S. citizen? | Yes | |
| k. Are you a permanent resident alien? | No | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | Yes | |
| m.Have you had an ownership interest in a property in the last three years? | No | No |
| (1) What type of property did you own - principal residence (PR), second home (SH), or investment property (IP)? | | |
| (2) How did you hold title to the home - solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et. seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns, may in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

Acknowledgement. Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | 1/31/2014 | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish this information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | [X] I do not wish to furnish this information. | CO-BORROWER | I do not wish to furnish this information. |
|---|---|---|---|
| Ethnicity: | Hispanic or Latino / Not Hispanic or Latino | Ethnicity: | Hispanic or Latino / Not Hispanic or Latino |
| Race: | American Indian or Alaska Native / Asian / Black or African American / Native Hawaiian or Other Pacific Islander / White | Race: | American Indian or Alaska Native / Asian / Black or African American / Native Hawaiian or Other Pacific Islander / White |
| Sex: | Female / Male | Sex: | Female / Male |

To be Completed by Loan Originator:
This information was provided: [ ] In a face-to-face interview [ ] By the applicant and submitted by fax or mail
[X] In a telephone interview [ ] By the applicant and submitted via e-mail or the Internet

| Loan Originator's Signature | Date |
|---|---|
| X | |

| Loan Originator's Name (print or type) | Loan Originator Identifier | Loan Originator's Phone Number (including area code) |
|---|---|---|
| Adamaris Gil | 199643 / State License # - 6176 | 202-339-9218 |

| Loan Origination Company's Name | Loan Origination Company Identifier | Loan Origination Company's Address |
|---|---|---|
| Prosperity Home Mortgage, LLC | 75164 | 1000 St. Albans Drive, Suite 400 Raleigh, NC 27609 |

Uniform Residential Loan Application
Freddie Mac Form 65   7/05 (rev.6/09)
Ellie Mae, Inc.

Page 3 of 4



Fannie Mae Form 1003   7/05 (rev.6/09)
GURLA  0711
GURLA
01/31/2014 11:10 AM CST

## CONTINUATION SHEET/RESIDENTIAL LOAN APPLICATION

| | Borrower: Marcus A Foster | Agency Case Number: |
|---|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower | Co-Borrower: | Lender Case Number: |

### LIABILITIES AND PLEDGED ASSETS CONTINUED

Name and address of Company | Pml./Mos. | Unpaid Balance

(B1)

(B1)

(B1)

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et. seq.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X | 1/21/2014 | X | |

Uniform Residential Loan Application
Freddie Mac Form 65   7/05 (rev.6/09)
Ellie Mae, Inc.

Page 4 of 4



Fannie Mae Form 1003   7/05 (rev.6/09)
GURLA .0751
GURLA
01/31/2014 11:10 AM PST

FBI-00143892



THE UNIVERSITY
*of* NORTH CAROLINA
*at* CHAPEL HILL

OFFICE OF UNIVERSITY COUNSEL

110 BYNUM HALL                    T  919.962.1219
CAMPUS BOX 9105                   F  919.843.1617
222 EAST CAMERON AVENUE
CHAPEL HILL, NC 27599-9105

July 31, 2015

Katherine T. Bosma, Esq.
Prosperity Home Mortgage, LLC
14501 George Carter Way, Suite 300
Chantilly, VA 20151
(703) 653-8557
Katherine.Bosma@phmloans.com

SENT VIA ELECTRONIC MAIL

Dear Ms. Bosma:

I write in response to your correspondence dated July 29, 2015 (sent to hr@unc.edu). In your correspondence you wrote seeking employment information/verification for an individual named Marcus A. Foster (you also provided a date of birth, a partial social security number, purported dates of employment and purported position).

The information that follows is being provided to you in accordance with the North Carolina Public Records Act. According to the Office of Human Resources, there is no record of a current or former employee named Marcus Foster.

This request is fully processed and is now closed-out. Please note that public records requests, and responses to those requests, are also public records. The University has dedicated a section of its website to providing information about public records requests as part of its ongoing commitment to transparency and a policy of openness, honesty and cooperation with the public and the news media about public records (see http://publicrecords.unc.edu). Public records requests received by the Public Records Office after July 1, 2014, are listed on the University's website at http://publicrecords.unc.edu/public-records/. The University's Public Records Policy, also linked from that website, is available at http://policies.unc.edu/policies/public-records/.

Sincerely,

*Anne M. Privett signature*

Anne M. Privett, NCCP
Public Records Paralegal

AMP/dqa

cc:      Regina J. Stabile, Director, Institutional Records and Reporting Compliance and Public Records Officer

FBI-00143893

# EXHIBIT 5

FBI-00143894

| PAYER'S name, street address, city or town, province or state, country, or foreign postal code, and telephone no. | | | | |
|---|---|---|---|---|
| GATEWAY MEDICAL LLC P .O. BOX 597 SEVERNA PARK , MD 21146 | | 1 | 13 | Miscellaneous Income |
| | | $ 2 Royalties | | |
| | | $ | Form 1099-MISC | |
| | | 3 Other income | 4 Federal income tax withheld | Copy B |
| | | $ | $ | For Recipient |
| PAYER'S federal identification number | RECIPIENT'S identification number | 5 Fishing boat proceeds | 6 Medical and health care payments | |
| | | $ | $ | |
| RECIPIENT'S name, street address (including apt. no.) city or town, province or state, country, and ZIP or foreign postal code | | 7 Nonemployee compensation | 8 Substitute payments in lieu of dividends or interest | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| MARCUS FOSTER 15436 SYMONDSBURY WAY UPPER MARLBORO , MD 20774 | | $ 162500.00 | $ | |
| | | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐ | 10 Crop insurance proceeds $ | |
| | | 11 Foreign tax paid $ | 12 Foreign country or U.S. possession | |
| Account number (see instructions) | | 13 Excess golden parachute payments $ | 14 Gross proceeds paid to an attorney $ | |
| 15a Section 409A deferrals | 15b Section 409A income | 16 State tax withheld | 17 State/Payer's state no. | 18 State income |
| $ | $ | $ | | $ |
| | | $ | | $ |

Form **1099-MISC**    (keep for your records)    www.irs.gov/form1099misc    Department of the Treasury - Internal Revenue Service

FBI-00143895

# EXHIBIT 6

FBI-00143896

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### *Greenbelt Division*

IN RE:
Marcus A. Foster
    Debtor

Case No. 15-17955-WIL

Prosperity Home Mortgage, LLC
    Movant

vs.

Chapter 13

Marcus A. Foster
    Debtor

and

Caprice Foster
    Co-Debtor

### AFFIDAVIT OF LAUREN CARBO, CEO OF GATEWAY MEDICAL, LLC

1. I, Lauren Carbo, am over the age of eighteen and am the Chief Executive Officer of Gateway Medical, LLC.

2. Gateway Medical, LLC has never been affiliated with Marcus A. Foster and Marcus A. Foster has never been an employee or an independent contractor of Gateway Medical, LLC.

3. In April 2014, I was contacted by Prosperity Mortgage, LLC regarding Marcus A. Foster and I was provided with a copy of an IRS Form 1099 for Year 2013, allegedly provided by Marcus A. Foster to Prosperity Mortgage, LLC with his loan application.

4. The IRS Form 1099 provided by Marcus A. Foster was not created by Gateway Medical, LLC, even though the tax form contains Gateway Medical, LLC's correct address and tax identification number.

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief.

_Lauren Carbo_
Lauren Carbo
Chief Executive Officer
Gateway Medical, LLC

State of ~~Maryland~~ Virginia
County of Albemarle

I HEREBY CERTIFY, the undersigned Notary, that on this 1st day of September, 2015, personally appeared **Lauren Carbo**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and he/she acknowledged the foregoing Affidavit to be his/her act, being duly authorized to do so and in my presence signed and acknowledged the same.

Witness my hand and notarial seal.

KAREN FICKLING
COMMONWEALTH
OF
VIRGINIA
NOTARY PUBLIC
#7074818

_Karen Fickling_
Signature of Notary

Karen Fickling
Print name of Notary

NOTARY PUBLIC

My commission expires: December 31, 2015.

FBI-00143898

# EXHIBIT 7

FBI-00143899

Entered: March 22, 2016
Signed: March 21, 2016

SO ORDERED

Case 16-10498   Doc 26   Filed 03/22/16   Page 1 of 3



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### *Greenbelt Division*

IN RE:

Marcus A. Foster
    Debtor

                            Case No. 16-10498-WIL

Prosperity Home Mortgage, LLC
    Movant,

vs.
                                 Chapter 7

Marcus A. Foster
    Debtor
                                 <u>MFR No. 19</u>

and

Caprice Foster
    Co-Owner

and

Steven H. Greenfeld
    Chapter 7 Trustee

## <u>ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND IMPOSING EQUITABLE SERVITUDE FOR A PERIOD OF 180 DAYS ON PROPERTY LOCATED AT 700 ARDONIA TERRACE, UPPER MARLBORO, MARYLAND 20774</u>

Upon review of the Motion for Relief from the Automatic Stay and Request for

Imposition of an Equitable Servitude for 180 Days (<u>MFR No. 19</u>) filed herein by Prosperity

FBI-00143900

Home Mortgage, LLC ("Movant"), and there being no response or objection by the Debtor

Marcus Foster, Co-Owner Caprice Foster, the Chapter 7 Trustee, or any other parties in interest,

and after a full evidentiary hearing held on March 17, 2016 attended by counsel for Movant and

Thomas J. Gartner, Substitute Trustee, and for good cause and for the reasons discussed and

argued on the record at the hearing, it is hereby,

ORDERED that the automatic stay imposed by 11 U.S.C. § 362 (a) is TERMINATED to

enable Movant and/or its successors and assigns to avail itself of its rights under the Deed of

Trust, Promissory Note, and state law, including but not limited to the initiation or continuation

of foreclosure proceedings in the Circuit Court for Prince George's County, Maryland, against

the property known as **700 Ardonia Terrace, Upper Marlboro, MD 20774** ("Property"), to

obtain or transfer title to the Property, and to allow the successful purchaser to obtain possession

of same; and it is further,

ORDERED, that an equitable servitude is thereupon imposed by this Order upon the

Property for a period of 180 days, effective March 17, 2016, the date of the hearing on Movant's

motion and the date of this Court's ruling on this matter; and it is further,

ORDERED, that the equitable servitude shall prevent any stay under 11 U.S.C. § 362(a)

from attaching to the Property by reason of any new bankruptcy being filed by any person

holding a legal, equitable, possessory, leasehold, or other interest in the Property, including but

not limited to any bankruptcy filing by Marcus Foster or Caprice Foster; and it is further,

ORDERED, that Movant shall not be prohibited by reason of any new bankruptcy filing

and Movant may proceed unfettered with state court actions against the Property, including but

not limited to any foreclosure action, foreclosure proceeding, or foreclosure sale, any eviction

action or eviction proceeding, as well as any other necessary and related activities in furtherance

FBI-00143901

of execution of Movant's rights against the Property; and it is further,

ORDERED, that the automatic stay of 11 U.S.C. § 362 (a) shall not be reimposed as to Debtor Marcus Foster's interest or Co-Owner Caprice Foster's interest in the property by the conversion of this case to a case under another Chapter of the United States Bankruptcy Code; and it is further,

ORDERED, that Movant may, at its election, record a copy of this Order in the land records of Prince George's County, Maryland and the Clerk of the Circuit Court for Prince George's County, Maryland shall comply and accept the same for recordation.

cc:

Gene Jung, Esq.
Brock & Scott, PLLC
7564 Standish Place, Suite 115
Rockville, Maryland 20855
*Counsel for Movant*

Marcus A. Foster
700 Ardonia Terrace
Upper Marlboro, MD 20774
*Debtor*

Caprice Foster
700 Ardonia Terrace
Upper Marlboro, MD 20774
*Co-Owner*

Michael Patrick Coyle, Esq.
6700 Alexander Bell Drive
Suite 200
Columbia, MD 21046
*Counsel for Debtor*

Steven H. Greenfeld
2600 Tower Oaks Blvd., Suite 103
Rockville, MD 20852
*Chapter 7 Trustee*

**END OF ORDER**

FBI-00143902